NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7062

MILITARY ORDER OF THE PURPLE HEART, NATIONAL VETERANS LEGAL SERVICES PROGRAM, NON-COMMISSIONED OFFICERS ASSOCIATION, PARALYZED VETERANS OF AMERICA, and UNITED SPINAL ASSOCIATION/VETSFIRST,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

On petition for review pursuant to 38 U.S.C. Section 502.

ON MOTION

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

## O R D E R

The Military Order of the Purple Heart et al. (petitioners) move for a preliminary injunction to direct the Secretary of Veterans Affairs to issue an interim rule establishing presumptions of service connection for three diseases that the Secretary has determined to be associated with exposure to herbicides in the Vietnam War and to issue a proposed rule.* In the alternative, the petitioners move to expedite the briefing schedule in the petition for review. The Secretary opposes and moves for leave to file his opposition one day out of time. The petitioners reply.

---

* Because the Secretary issued a proposed rule on March 25, 2010, that portion of the motion is moot.

The petitioners filed their petition for review and motion for a preliminary injunction on March 16, 2010. Because they are petitioning for review of a regulation that has not yet issued, this court does not have jurisdiction under 38 U.S.C. § 502, which authorizes this court to review regulations issued by the Secretary of Veterans Affairs. Instead, we treat the petition and request for injunctive relief as a petition for a writ of mandamus. Because the Secretary's alleged failure to issue a rule on a timely basis interferes with our appellate jurisdiction to review the rule pursuant to section 502, we have jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to address the Secretary's action in failing to issue the regulation. See Margolis v. Banner, 599 F.2d 435, 440-41 (CCPA 1979); In re Howard, 570 F.3d 752, 756-57 (6th Cir. 2009); In re Core Commcn's, Inc., 531 F.3d 849, 855, 861-62 (D.C. Cir. 2008).

Although the petitioners ask this court to order the Secretary to issue an interim regulation because the Secretary has failed to comply with two statutory deadlines set forth in 38 U.S.C. § 1116, we decline to order that relief. Section 1116(c)(1)(A) requires the Secretary, within 60 days of receiving a report from the National Academy of Sciences regarding the relationship between exposure to herbicides used in Vietnam during the War in Vietnam and certain diseases, to consider whether a presumption of service connection is warranted for any of the diseases discussed in the report. Within 60 days of making such a determination, the Secretary is required to issue proposed regulations setting forth that determination. Id. Within 90 days of issuing the proposed regulations, the Secretary must issue final regulations. Id. § 1116(c)(2). The statute thus creates three separate obligations, each with its own deadline for action.

The government concedes that the Secretary did not meet the first two deadlines, which the government attributes to mandatory review by the Office of Management and Budget, the required completion of a Regulatory Impact Analysis, and the complexity of the scientific determinations at issue. The Secretary made his determination of a positive association between exposure to herbicides and three identified diseases on October 13, 2009, which was 81 days after the release of the National Academy of Sciences report. The Secretary then issued a proposed rule setting forth that determination on March 25, 2010, which was 163 days after the Secretary announced his determination. The proposed rule provides for a shortened comment time of 30 days. The preamble to the proposed rule provides that claimants will receive readjudication and retroactive payment of benefits in connection with claims under the new regulation.

Because the Secretary has already made the statutory determination and issued the proposed regulation, and because issuance of the final rule is not yet due, we cannot issue the requested relief. Congress provided no consequences for non-compliance with the statutory deadlines, so there is no remedy we can order for the Secretary's failure to meet the first two deadlines set forth in section 1116. See Liesegang v. Sec'y of Veterans Affairs, 312 F.3d 1368, 1377 (Fed. Cir. 2002). Because the Secretary's action on the third statutory requirement is not yet due, we cannot order relief—such as the issuance of interim regulations requested by the petitioners— because the final regulations are not required to be issued until 90 days after the issuance of the proposed regulations, or by June 23, 2010. With respect to the third statutory requirement, the request for relief is thus premature. We therefore decline to

issue a writ of mandamus, without prejudice to the petitioners' right to seek relief in the nature of mandamus if the Secretary should fail to meet the 90-day deadline for issuing the final rule.

Accordingly,

IT IS ORDERED THAT:

(1)     Treating the petition for review and the motion for a preliminary injunction as a mandamus petition, we deny the petition for a writ of mandamus.

(2)     The Secretary's motion for leave to file its opposition one day out of time is granted.

(3)     All other pending motions are denied as moot.

FOR THE COURT

APR 1 6 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:     Thomas E. Riley, Esq.
        Meredyth Cohen Havasy, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 1 6 2010

JAN HORBALY
CLERK

2010-7062                                    - 4 -